TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

ORIGINAL
FILED

MAY 2 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMC

LEVI STRAUSS & CO.,

                    Plaintiff,

        v.

STYLE J,

                    Defendant.

Case No.

C 07 - 2735

COMPLAINT FOR TRADEMARK
INFRINGEMENT, TRADEMARK
DILUTION, AND UNFAIR
COMPETITION (INJUNCTIVE
RELIEF SOUGHT)

**JURY TRIAL DEMAND**

Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendant Style J as follows:

### JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

1.    Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3.    Intra-district assignment to any division of the Northern District is proper under Local

COMPLAINT                        - 1 -                        Levi Strauss & Co. v. Style J
                                                             Case No. _____

1  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

2  **PARTIES**

3      4.    LS&CO. is a Delaware corporation which has its principal place of business at Levi's

4  Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the

5  1850's, LS&CO. is one of the oldest and most well known apparel companies in the world.  It

6  manufactures, markets and sells a variety of apparel, including its traditional denim blue jean

7  products.

8      5.    LS&CO. is informed and believes that defendant Style J is a business entity with its

9  principal place of business at 6751 Las Colinas Lane, Lake Worth, Florida 33463.  LS&CO. is

10  informed and believes that Style J manufactures and sells a line of clothing, including jeans, that is

11  offered for sale or sold in this judicial district and throughout the United States.  LS&CO. is further

12  informed and believes that Style J has authorized, directed, and/or actively participated in the

13  wrongful conduct alleged herein.

14  **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

15  **LS&CO.'s Use Of Its Trademarks**

16      6.    LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

17  around the world.  For many years prior to the events giving rise to this Complaint and continuing to

18  the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

19  promoting the products on which its trademarks are used and has sold many millions of these products

20  all over the world, including throughout the United States and in California.  Through this investment

21  and large sales, LS&CO. has created considerable goodwill and a reputation for quality products.

22  LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its

23  products.

24      7.    Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

25  and exclusively owned by LS&CO.  LS&CO. continuously has used each of its trademarks, from the

26  registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

27

28

**LS&CO.'s Arcuate Stitching Design Trademarks**

8.     Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States.  LS&CO. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&CO. first used the Arcuate trademark on jeans and later used it on trousers, pants, shorts, skirts, shirts and jackets.  Examples of LS&CO.'s use of the Arcuate trademark on LEVI'S® jeans are attached as Exhibit A-1 - A-7.

9.     LS&CO. owns, among others, the following United States and California Registrations for its Arcuate trademark, attached as Exhibit B:

a.     U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

b.     U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943).

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

c.     U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003)

d.     U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003.)

e.     California Registration No. 088399 (first used as early as 1873; registered August 24, 1988).

10.    The Arcuate trademark is famous and is recognized around the world and throughout North America by consumers as signifying a high quality LEVI'S® product.

**LS&CO.'s Tab Device Trademark**

11.    LS&CO. is the owner of the famous Tab Device Trademark (hereinafter the "Tab trademark"), which consists of a small marker of textile or other material sewn into one of the regular structural seams of the garment.  LS&CO. first used the Tab trademark in 1936 to identify genuine LEVI'S® products.

12.    In or about 1936, LS&CO. first began to display the Tab trademark on the rear pocket of its pants when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, first proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&CO.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."  Examples of the Tab trademark as used on LEVI'S® jeans are attached as Exhibit C.

13.    LS&CO. owns, among others, the following United States Registrations for its Tab trademark, attached as Exhibit D:

    a.    Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

    b.    Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

    c.    Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

    d.    Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

    e.    Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964); and

    f.    Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981).

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

**Defendant's Infringement of LS&CO.'s Trademarks**

14.    LS&CO. is informed and believes that Style J has in the past and continues to manufacture, source, market and/or sell clothing, including denim jeans, that infringes and dilutes LS&CO.'s Tab and Arcuate trademarks (hereinafter the "infringing products").

15.    In particular, LS&CO. is informed and believes that Style J produces, manufactures,

1    sources, markets, designs, offers and/or sells clothing throughout the world, including North America,

2    that displays tabs that are confusingly similar to LS&CO.'s Tab trademark.  These infringing designs,

3    including but not limited to the examples illustrated in Exhibit E-1 - E-6, are referred to hereinafter as

4    the "Style J tabs."  The Style J tabs, as used by Style J, are confusingly similar to LS&CO.'s Tab

5    trademark.

6         16.    LS&CO. is further informed and believes that Style J produces, manufactures, sources,

7    markets, designs, offers and/or sells clothing throughout the world, including North America, that

8    displays pocket stitching designs that are confusingly similar to LS&CO.'s Arcuate trademark.  These

9    infringing designs, including but not limited to the examples illustrated in Exhibit F-1 - F-7, are

10   referred to hereinafter as the "Style J stitching designs."  The Style J stitching designs, as used by

11   Style J, are confusingly similar to LS&CO.'s Arcuate trademark.

12        17.    LS&CO. is informed and believes that Style J has produced, manufactured, designed,

13   marketed, offered for sale and sold substantial quantities of infringing products bearing the Style J tabs

14   and/or the Style J stitching designs, and has obtained and continues to obtain substantial profits from

15   such sales.

16        18.    Style J's actions have caused and will cause LS&CO. irreparable harm for which

17   money damages and other remedies are inadequate.  Unless Style J is restrained by this Court, Style J

18   will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to

19   cause great and irreparable damage and injury to LS&CO. by, among other things:

20        a.    Depriving LS&CO. of its statutory rights to use and control use of its

21             trademarks;

22        b.    Creating a likelihood of confusion, mistake and deception among consumers

23             and the trade as to the source of the infringing products;

24        c.    Causing the public falsely to associate LS&CO. with Style J or vice versa;

25        d.    Causing incalculable and irreparable damage to LS&CO.'s goodwill and

26             diluting the capacity of its trademarks to differentiate LEVI'S® products from

27             others; and

28        e.    Causing LS&CO. to lose sales of its genuine clothing products.

19.     Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Style J and all persons acting in concert with it.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

20.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21.     Without LS&CO.'s consent, Style J has used, in connection with the sale, offering for sale, distribution or advertising of Style J's goods, designs that infringe upon LS&CO.'s registered Tab and Arcuate trademarks.

22.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

23.     As a direct and proximate result of Style J's infringing activities, LS&CO. has suffered substantial damage.

24      Style J's infringement of LS&CO.'s trademarks as alleged herein is an exceptional case and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

25.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26.     Style J's conduct constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Style J's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

27.     As a direct and proximate result of Style J's infringing activities, LS&CO. has suffered

1  substantial damage.

2  ### THIRD CLAIM
   ### FEDERAL DILUTION OF FAMOUS MARKS
3  **(Federal Trademark Dilution Act of 1995)**
   **(15 U.S.C. § 1125(c); Lanham Act § 43(c))**
4

5       28.    LS&CO. realleges and incorporates by reference each of the allegations contained in

6  paragraphs 1 through 27 of this Complaint.

7       29.    LS&CO.'s Tab and Arcuate trademarks are distinctive and famous within the meaning

8  of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

9       30.    Style J's activities have diluted or are likely to dilute the distinctive quality of

10  LS&CO.'s trademarks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §

11  1125(c), as amended.

12       31.    LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

13       32.    Because Style J willfully intended to trade on LS&CO.'s reputation or to cause dilution

14  of LS&CO.'s famous trademarks, LS&CO. is entitled to damages, extraordinary damages, fees and

15  costs pursuant to 15 U.S.C. § 1125(c)(2).

16  ### FOURTH CLAIM
   ### CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
17  **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

18       33.    LS&CO. realleges and incorporates by reference each of the allegations contained in

19  paragraphs 1 through 32 of this Complaint.

20       34.    Style J's infringement of LS&CO.'s federal and state registered trademarks is likely to

21  cause consumer confusion and dilution of LS&CO.'s trademarks in violation of California Business &

22  Professions Code §§ 14320, 14330, and 14335.

23       35.    Style J infringed and diluted LS&CO.'s Tab and Arcuate trademarks with knowledge

24  and intent to cause confusion, mistake or deception.

25       36.    Style J's conduct is aggravated by that kind of willfulness, wantonness, malice and

26  conscious indifference to the rights and welfare of LS&CO. for which California law allows the

27  imposition of exemplary damages.

28       37.    Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

1 injunctive relief and damages in the amount of three times Style J's profits and three times all damages

2 suffered by LS&CO. by reason of Style J's manufacture, use, display or sale of infringing goods.

### FIFTH CLAIM
### CALIFORNIA UNFAIR COMPETITION
#### (Cal. Bus. & Prof. Code § 17200)

5       38.     LS&CO. realleges and incorporates by reference each of the allegations contained in

6 paragraphs 1 through 37 of this Complaint.

7       39.     Style J's infringement of LS&CO.'s Tab and Arcuate trademarks constitutes "unlawful,

8 unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading

9 advertising" within the meaning of California Business & Professions Code § 17200.

10       40.     As a consequence of Style J's actions, LS&CO. is entitled to injunctive relief and an

11 order that Style J disgorge all profits on the manufacture, use, display or sale of infringing goods.

### PRAYER FOR JUDGMENT

13      WHEREFORE, LS&CO. prays that this Court grant it the following relief:

14       41.     Adjudge that LS&CO.'s Tab and Arcuate trademarks have been infringed by Style J in

15 violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

16       42.     Adjudge that Style J has competed unfairly with LS&CO. in violation of LS&CO.'s

17 rights under common law, 15 U.S.C. § 1125(a), and/or California law;

18       43.     Adjudge that Style J's activities are likely to, or have, diluted LS&CO.'s famous Tab

19 and Arcuate trademarks in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c),

20 and/or California law;

21       44.     Adjudge that Style J and each of its agents, employees, attorneys, successors, assigns,

22 affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

23 person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

24 pendency of this action and thereafter permanently from:

25         a.     Manufacturing, producing, sourcing, importing, selling, offering for sale,

26 distributing, advertising, or promoting any goods that display any words or symbols that so resemble

27 LS&CO.'s Tab and Arcuate trademarks as to be likely to cause confusion, mistake or deception, on or

28 in connection with any product that is not authorized by or for LS&CO., including without limitation

1  any product that bears any of the Style J tabs, the Style J stitching designs, or any other confusingly

2  similar approximation of LS&CO.'s Tab or Arcuate trademark;

3          b.     Using any word, term, name, symbol, device or combination thereof that causes

4  or is likely to cause confusion, mistake or deception as to the affiliation or association of Style J or its

5  goods with LS&CO. or as to the origin of Style J's goods, or any false designation of origin, false or

6  misleading description or representation of fact;

7          c.     Further infringing the rights of LS&CO. in and to any of its trademarks in its

8  LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

9          d.     Otherwise competing unfairly with LS&CO. in any manner; and

10          e.     Continuing to perform in any manner whatsoever any of the other acts

11  complained of in this Complaint;

12      45.    Adjudge that Style J be required immediately to supply LS&CO.'s counsel with a

13  complete list of individuals and entities from whom or which it purchased, and to whom or which it

14  sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

15  Complaint;

16      46.    Adjudge that Style J be required immediately to deliver to LS&CO.'s counsel its entire

17  inventory of infringing products, including without limitation pants and any other clothing, packaging,

18  labeling, advertising and promotional material and all plates, patterns, molds, matrices and other

19  material for producing or printing such items, that is in Style J's possession or subject to its control and

20  that infringes LS&CO.'s Tab and/or Arcuate trademarks as alleged in this Complaint;

21      47.    Adjudge that Style J, within thirty (30) days after service of the judgment demanded

22  herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under

23  oath setting forth in detail the manner in which it has complied with the judgment;

24      48.    Adjudge that LS&CO. recover from Style J its damages and lost profits in an amount to

25  be proven at trial,

26      49.    Adjudge that Style J be required to account for any profits that are attributable to its

27  illegal acts, and that LS&CO. be awarded the greater of (1) three times Style J's profits or (2) three

28  times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

50.     Order an accounting of and impose a constructive trust on all of Style J's funds and assets that arise out of Style J's infringing activities;

51.     Adjudge that Style J be required to pay LS&CO. punitive damages for its oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Style J's unjust enrichment;

52.     Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

53.     Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.


DATED: May 23, 2007                     Respectfully submitted,


                                        By:     Gia L. Cincone
                                        Gia L. Cincone
                                        TOWNSEND AND TOWNSEND AND CREW LLP
                                        Two Embarcadero Center, Eighth Floor
                                        San Francisco, California  94111
                                        Telephone: (415) 576-0200
                                        Facsimile: (415) 576-0300

                                        Attorneys for Plaintiff
                                        LEVI STRAUSS & CO.

# DEMAND FOR JURY TRIAL

LS&CO. demands that this action be tried to a jury.

DATED:  May 23, 2007                    Respectfully submitted,

By: _____
Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
LEVI STRAUSS & CO.